IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ALBERT COLE,

                                                         ORDER

                  Petitioner,

                                        16-cv-580-bbc
                                        07-cr-139-bbc

     v.

UNITED STATES OF AMERICA,

                  Respondent..

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Petitioner Albert Cole has filed a motion labeled as a petition for post conviction relief under 28 U.S.C. § 2255, seeking a reduction in the sentence imposed on him on January 28, 2009, after he was found guilty of one count of maintaining a drug house in violation of 21 U.S.C. § 856(a)(2) and 18 U.S.C. § 2. Because he is actually seeking a reduction in his sentence on the basis of a new amendment to the guidelines that took effect as of November 1, 2015, I will re-label his motion as one for a reduction of sentence under 18 U.S.C. § 3582((c)(2).

      Petitioner has received two reductions in his sentence as a result of motions he has filed under 18 U.S.C. § 3582, because the guidelines for drug crimes such as his have been reduced and given retroactive effect by the United States Sentencing Commission on several occasions. He received one reduction on November 29, 2011, reducing his sentence from 240 months to 210 months, and another on March 16, 2015, reducing his sentence from

210 months to 168 months. In September of 2015, he requested a further reduction based upon his acceptance of responsibility, but he was not as successful as he had been in the past. That motion was denied on September 14, 2015 on the ground that he was not entitled to such a reduction.

In his newly filed motion, relief, petitioner argues that he is now entitled to a reduction in his sentence in light of Amendment 794, which makes changes in U.S.S.G. § 3B1.2. Unfortunately for defendant, the amendments have no effect on his sentence, because nothing in the new amendments suggests that they are to be applied retroactively to sentences that have become final. Petitioner points out they were applied by the Court of Appeals for the Ninth Circuit in a recent case, United States v. Quintero-Leyva, 823 F.3d 519 (9th Cir. 2016), but in that case, they were applied retroactively on a direct appeal from a sentence, not years later in a motion for post conviction relief. Petitioner has shown no reason why he is entitled to a reduction in his sentence based on Amendment 794. Accordingly, his motion must be denied.

ORDER

IT IS ORDERED that petitioner Albert Cole's petitioner for post conviction relief under 28 U.S.C. § 2255 is re-labeled to represent what it actually is: a motion for reduction of his sentence under a change in the sentencing guidelines, and DENIED because it is based

on an amendment that has not been given retroactive effect by the sentencing commission.

Entered this 25th day of August, 2016.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge